UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL K. LARSON,

                    Petitioner,

        v.

JEFFREY A. UTTECHT,

                    Respondent.

CASE NO. 2:20-CV-1778-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: April 30, 2021

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging four state court judgments. Dkt. 1, 4 at 1.[1] The Court concludes this Petition is second or successive and recommends the Petition be dismissed without prejudice.

---

[1] *See also* Dkt. 12, Exhibit 1, Judgment and Sentence (First Degree Murder), Snohomish County Cause No. 05-1-02592-6; Exhibit 2, Judgment and Sentence (Second Degree Murder), Snohomish County Cause No. 01-1-00229-0; Exhibit 3, Judgment and Sentence (Custodial Assault), Snohomish County Cause No. 01-1-02206-1; Exhibit 4, Judgment and Sentence (Indecent Liberties), Snohomish County Cause No. 00-1-02143-1.

## I. Background

In 2000, Petitioner participated in the murder of Anastasia King, the wife of his landlord. Dkt. 12, Exhibit 33-34. In exchange for Petitioner's agreement to testify against his landlord, Petitioner was allowed to plead guilty to the lesser offense of second-degree murder. *Id.* Petitioner breached the plea agreement by moving to withdraw his guilty plea after sentencing. *Id.* As a result, the superior court held Petitioner could re-instate the original charge of first-degree murder without vacating the second-degree murder conviction. *Id.* In 2007, the jury found Petitioner guilty of first-degree murder. *Id.*; Dkt. 12, Exhibit 1, Judgment and Sentence (First Degree Murder), Snohomish County Cause No. 05-1-02592-6. Petitioner was also convicted of second degree murder in 2002, indecent liberties in 2004, and custodial assault in 2005. *See* Dkt. 12, Exhibit 2, Judgment and Sentence (Second Degree Murder), Snohomish County Cause No. 01-1-00229-0; Exhibit 3, Judgment and Sentence (Custodial Assault), Snohomish County Cause No. 01-1-02206-1; Exhibit 4, Judgment and Sentence (Indecent Liberties), Snohomish County Cause No. 00-1-02143-1.

In 2009, Petitioner filed a federal habeas petition ("First Petition") in this Court seeking relief from the first degree murder conviction. *See Larson v. Glebe,* 3:09-cv-1453-BAT-TSZ. In the First Petition, Petitioner raised four grounds for relief: (1) the State's use of Petitioner's prior criminal history violated equal protection; (2) admitting as evidence Petitioner's prior statements and testimony was contrary to an alleged grant of immunity; (3) reinstatement of the first-degree murder charge violated double jeopardy; and (4) convicting Petitioner was inconsistent with an alleged grant of immunity. *See* Dkt. 12, Exhibit 33, 34. The court considered the First Petition on the merits, denied the First Petition, and dismissed the Petition case with prejudice. *Id*. at Exhibit 34, 35, 36. The Ninth Circuit affirmed the court's decision. *See id.* at Exhibit 37.

1    On December 3, 2020, Petitioner filed this Petition ("Second Petition") alleging all four

2    of his prior convictions, including the first degree murder conviction, are invalid because the

3    state court lacked jurisdiction and a grand jury did not issue an indictment to charge Petitioner.

4    Dkt. 4 at 5-10. On February 26, 2021, Respondent filed his Answer arguing the Second Petition

5    is second or successive and, in the alternative, the Second Petition be dismissed with prejudice as

6    untimely or denied on the merits. Dkt. 11, 12. Petitioner did not file a traverse.

7    **II.  Discussion**

8    The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

9    gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

10   of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

11   only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

12   proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.*

13   *Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district

14   court either considers and rejects the claims or determines that the underlying claim will not be

15   considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

16   *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). The Ninth Circuit also states "[a] habeas

17   petition is second or successive only if it raises claims that were or could have been adjudicated

18   on the merits." *McNabb*, 576 F.3d at 1029.

19   Petitioner filed his First Petition challenging the same first degree murder conviction

20   challenged in the Second Petition. The court denied the First Petition "on the merits," concluding

21   Petitioner was not "in custody" on his second degree murder conviction and the state court's

22   conclusion was not contrary to, or an unreasonable application of, clearly established federal law.

23

24

1  *See Larson v. Glebe,* 3:09-cv-1453-BAT-TSZ; Dkt. 12, Exhibit 34-37. The Ninth Circuit

2  affirmed the court's decision on the First Petition. *See id.*

3       In the Second Petition, Petitioner alleges all four of his prior convictions (including his

4  first degree murder conviction) are invalid because the state court lacked jurisdiction and a grand

5  jury did not issue an indictment. Dkt. 4 at 5-10. Petitioner was or could have been aware of the

6  factual predicate of these claims when his conviction became final and could have raised these

7  claims in his First Petition. The claims, therefore, could have been adjudicated on the merits in

8  the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim

9  was "second or successive" when the petitioner was aware of the factual predicate of the claim

10 and could have raised the claim in his first petition).

11      As Petitioner's First Petition was denied on the merits and Petitioner was or could have

12 been aware of the claims asserted in the Second Petition prior to filing the First Petition, the

13 Second Petition is "second or successive."

14      Before a petitioner is allowed to file a second or successive petition, he must obtain an

15 order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.

16 § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States

17 District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.

18 2008). A district court lacks jurisdiction to consider a second or successive petition in the

19 absence of an order from the Ninth Circuit authorizing the district court to consider the petition.

20 *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157

21 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit

22 authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to

23

24

consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### III.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV.    Conclusion

For the above stated reasons, the Court recommends the Second Petition (Dkt. 4) be dismissed without prejudice and the certificate of appealability be denied. If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. Based on the foregoing, the Court recommends denying the pending Motion to Compel for Information and Motion for Vicarious Exhaustion of State Remedies (Dkt. 8, 9) as moot.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 30,

6 2021, as noted in the caption.

7       Dated this 12th day of April, 2021.

8

9                                 David W. Christel

10                                 United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 6